UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RALIEF BRADFORD also known as ZABAR
BEEBE,

                        Plaintiff,

        -against-

ALIEF ALLAH BEY also known as GREGORY
BEEBE,

                        Defendant.

26-CV-1573 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

        Plaintiff, who is currently incarcerated at Attica Correctional Facility, filed this *pro se*

action under 42 U.S.C. § 1983, asserting a breach of contract claim. By order dated March 3,

2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without

prepayment of fees. For the following reasons, the Court dismisses the complaint, with 30 days'

leave to replead.

## STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is

obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009),

and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of*

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But

the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff Alief Allah Bey, also known as Zabar Beebe, filed this complaint against Alief Allah Bey, also known as Gregory Beebe. Plaintiff claims that the events giving rise to this action occurred when he and Defendant were both detained on Rikers Island between 2024 and 2026. The following facts are drawn from the complaint.[1]

Plaintiff and Defendant "had a discussion" that Defendant would "hold" $95,000 of Plaintiff's money in an account. (ECF 1 at 4.) According to Plaintiff, it was clear that the money was "not a gift," and that Defendant "would do as [Plaintiff told] him" to with it. (*Id.*) Plaintiff further asserts that he signed and notarized a limited power of attorney setting forth the "specific actions" Defendant could take with the money; that Defendant was supposed to provide Plaintiff with a "detailed" accounting of "all transactions" made on Plaintiff's behalf; and that in return, Plaintiff was to pay Defendant $5,000. (*Id.*) According to Plaintiff, Defendant has refused to communicate with Plaintiff or to provide Plaintiff with statements or other accounting of how the money has been spent and how much money remains. (*Id.*) Plaintiff seeks an order directing Defendant to provide Plaintiff with a statement of all "transactions [made] on [Plaintiff's] behalf"; to have the $95,000 replaced, if necessary; and to have Defendant criminally prosecuted. (*Id.* at 5.)

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

Plaintiff provides a "second address" for Defendant in Jamaica, in Queens County, New York. (*Id.* at 3.)

## DISCUSSION

### A.    Claims under 42 U.S.C. § 1983

Plaintiff purports to assert federal claims under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). A plaintiff proceeding under Section 1983 must therefore allege facts showing that defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. A private party therefore is generally not liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Defendant Gregory Beebe is a private party who is not alleged to work for any state or other government body, Plaintiff cannot state a claim against this defendant under Section 1983.

Additionally, Plaintiff cannot initiate a criminal prosecution of Defendant because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981). Neither Plaintiff nor the Court can direct prosecutors to initiate a criminal proceeding against Defendant because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, because Plaintiff lacks standing to cause the criminal prosecution of Defendant, *see Linda R.S. v. Richard D.*, 410 U.S. 614, 618-19 (1973), the Court dismisses, for lack of subject matter jurisdiction, his

claim seeking Defendant's criminal prosecution, *see* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [his] claim." (internal quotation marks and citation omitted)).

**B.    State-Law Claim**

### 1.    Diversity of Citizenship Jurisdiction

Plaintiff asserts a breach-of-contract claim against Defendant, which arises under state law. To assert such a claim, Plaintiff must allege facts demonstrating that the Court has diversity of citizenship jurisdiction of this action. To establish diversity of citizenship jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes, an individual is a citizen of the state where he or she is domiciled, which is defined as the place where the individual "has his true fixed home . . . and to which, whenever he [or she] is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). Generally, there is a rebuttable presumption that a prisoner retains his preincarceration state citizenship rather than acquiring a new state citizenship. *See Housand v. Heiman*, 594 F.2d 923, 925 n.5 (2d Cir. 1979); *Blumatte v. Quinn*, 521 F. Supp. 2d 308, 312 n.3 (S.D.N.Y. 2007).

Additionally, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Here, Plaintiff alleges that his claim exceeds the statutory jurisdictional amount.

Plaintiff is currently incarcerated in Attica Correctional Facility, which is located in the State of New York, but he does not allege whether he was a citizen of New York prior to his incarceration. Plaintiff appears to allege that Defendant is a citizen of New York State. Because it is not clear from the complaint whether Plaintiff and Defendant are citizens of different states, Plaintiff has not demonstrated that diversity of citizenship exists. Accordingly, the Court dismisses the complaint without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court grants Plaintiff 30 days' leave to file an amended complaint to provide facts demonstrating that there is diversity of citizenship between him and Defendant, and also in support of a breach-of-contract claim under state law.[2]

## 2.    Supplemental Jurisdiction

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state-law claims Plaintiff may be asserting. *See Kolari v. New*

---

[2] To state a breach of contract claim, a plaintiff must allege: (1) the existence of a contract, (2) performance of the contract by the plaintiff, (3) breach by the defendant, and (4) damages suffered as a result of the breach. *See, e.g.*, *Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 142 (2d Cir. 2011). "A complaint 'fails to sufficiently plead the existence of a contract' if it does not provide 'factual allegations regarding . . . the formation of the contract, the date it took place, and the contract's major terms.' Conclusory allegations that a contract existed or that it was breached do not suffice." *Emerald Town Car of Pearl River, LLC v. Phila. Indem. Ins. Co.*, No. 16-CV-1099 (NSR), 2017 WL 1383773, at *7 (S.D.N.Y. Apr. 12, 2017) (quoting *Valley Lane Indus. Co. v. Victoria's Secret Direct Brand*, 455 F. App'x 102, 104 (2d Cir. 2012) (summary order)).

*York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    March 5, 2026
          New York, New York

_____
          Louis L. Stanton
          U.S.D.J.

6